# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50518
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Clim Eugene Murphy Thomas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-577-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Clim Murphy Thomas appeals the denial of his motion to suppress the evidence underlying his convictions of aiding and abetting possession with intent to distribute 100 kilograms or more of marihuana and possession of a firearm in relation to a drug-trafficking offense. He maintains that the initial encounter with Border Patrol agents was nonconsensual and violated his

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50518

Fourth Amendment rights.

When considering a motion to suppress, this court reviews "the district court's factual findings for clear error and its legal conclusions, including its ultimate conclusion as to the constitutionality of the law enforcement action, de novo." *United States v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002). Whether a person has been seized or detained and Fourth Amendment protections are triggered is a finding of fact reviewed for clear error. *United States v. Mask*, 330 F.3d 330, 334–35 (5th Cir. 2003).

If, as in this case, a defendant claims he has been seized in the absence of physical force, this court "analyze[s] the encounter in two steps: whether the officer exerted a sufficient show of authority; and whether defendant submitted to it." *United States v. Wright*, 57 F.4th 524, 531 (5th Cir. 2023). In analyzing whether an officer has made "a sufficient show of authority," a reviewing court "considers whether, in the light of 'all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Id.* (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). A consensual encounter where an individual voluntarily agrees to speak with the officers "does not amount to a 'seizure' under the Fourth Amendment." *United States v. Cooper*, 43 F.3d 140, 145 (5th Cir. 1995).

The Border Patrol agents approached in a single vehicle rather than both vehicles. Upon seeing the agents, Murphy Thomas got up from where he was seated and approached them, offering his driver's license unprompted. Murphy Thomas and his codefendant interacted with the agents and moved about freely during the encounter. Moreover, before observing the illegal narcotics in plain view, the agents did not make any demands of Murphy Thomas. To the contrary, Murphy Thomas voluntarily approached one of the agents and answered his questions.

No. 22-50518

Murphy Thomas places much emphasis on his race.  Although not irrelevant, that factor is not decisive. *See Mendenhall*, 446 U.S. at 558.  That the agents were armed and in uniform has little weight, and neither brandished his weapon.  *See United States v. Drayton*, 536 U.S. 194, 204–05 (2002).

Totality of the circumstances supports the conclusion that there was no seizure for purposes of the Fourth Amendment.  *See Wright*, 57 F.4th at 531.  Accordingly, the judgment is AFFIRMED.